UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON WILSON CROCKETT, | No. 2:20-cv-0213 KJN P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, Warden, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

As discussed below, the undersigned finds that petitioner must file an amended petition, and his motion for stay is denied without prejudice.

II. Petition Fails to Identify Grounds for Relief

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by

1

the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, in his 52-page petition, petitioner fails to identify each ground for relief and a brief statement of supporting facts for each claim. Rather, petitioner asks the court to "remand his case back to court for resentencing," and then appends pages from his various state court filings. While petitioner is not prohibited from appending arguments or other exhibits to his pleading, he is required to clearly identify the claims and the supporting facts in the petition to put the court and respondent on notice of the claims petitioner is pursuing in this action. Petitioner may not simply refer the court and respondent to attached documents.

Moreover, petitioner identifies his conviction date as February 20, 2009. The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Thus, if petitioner solely challenges his almost 11 year-old conviction, it appears such challenge is barred by the statute of limitations, absent a later trigger date for the beginning of the limitations period. 28 U.S.C. § 2244 (d)(1).[1]

////

---

[1] Sections 2244(d)(1)(B) through (C) provide such alternative trigger dates: the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Id.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

III. Motion for Stay and Abeyance

Appended behind one of petitioner's exhibit pages was a document styled, "Motion for Stay and Abeyance. . . ." (ECF No. 1 at 43.) In his motion, he claims that he failed to exhaust his ineffective assistance of trial counsel claim. Petitioner appended a copy of the first few pages of a petition for habeas corpus addressed to the Shasta County Superior Court in which he claimed he was illegally sentenced under the three strikes law, and suffered ineffective assistance of counsel based on trial counsel's failure to object to insufficient evidence under lay person testimony. (ECF No. 1 at 48-50.)

   A. Legal Standards Governing a Stay

A federal court may stay a habeas petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), cert. denied, 558 U.S. 887 (2009), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)) (hereafter "King/Kelly"). Rhines and King/Kelly set out different procedures and impose different requirements for obtaining a stay.

Under Rhines, 544 U.S. at 277-78, a mixed federal habeas petition may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit,[2] and (3) petitioner has not been dilatory in pursuing the litigation. The Rhines procedure has also been applied to wholly unexhausted federal habeas petitions. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

Under King/Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564

---

[2] "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).

F.3d at 1135 (citing <u>Kelly</u>, 315 F.3d at 1070-71). A petitioner does not have to demonstrate good cause in order to obtain a <u>Kelly</u> stay. <u>King</u>, 564 F.3d at 1139-1140. Once the additional claims are exhausted in state court, petitioner is allowed to amend his federal habeas application so long as the claims are timely-filed or "relate back" to the exhausted claims in the stayed petition. <u>See King</u>, 564 F.3d at 1140-1141; <u>see also Mayle v. Felix</u>, 545 U.S. 644, 662-64 (2005). The court may deny a request for stay under <u>King/Kelly</u> if the new claims would clearly be barred by the federal statute of limitations upon exhaustion. <u>See King</u>, 564 F.3d at 1141 (("A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.")

     B. <u>Discussion</u>

Here, petitioner did not identify the type of stay he seeks, but rather cites two out of Circuit district court cases where the prisoner sought a stay under <u>Rhines</u>. (ECF No. 1 at 44, citing <u>Simms v. La Clair</u>, 769 F.Supp. 2d 116, 138 (D. N.Y. Jan. 6, 2011); <u>Ortiz v. Brady</u>, 538 F.Supp.2d 361, 365-67 (D. Mass. Feb. 15, 2008).) But even assuming petitioner seeks a stay under <u>Rhines</u>, he wholly failed to address the three elements this court must evaluate in order to determine whether petitioner is entitled to a <u>Rhines</u> stay. In addition, because petitioner did not fully complete the petition form, as discussed above, the court is unable to do so. Petitioner is granted leave to file an amended motion for stay. If he seeks a stay under <u>Rhines</u>, he must address each of the three elements required under <u>Rhines</u>.

IV. <u>Conclusion</u>

     Accordingly, IT IS HEREBY ORDERED that:

     1. Petitioner is granted leave to proceed in forma pauperis;

     2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[3]

     3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

---

[3] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: February 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/croc0213.114+